NOTE: CHANGES MADE BY THE COURT

RICHARD H. ZAITLEN (SBN 63283)
richard.zaitlen@pillsburylaw.com
JENNIFER A. SEIGLE (SBN 285670)
jennifer.seigle@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff, LAVI INDUSTRIES

LISA L. BOSWELL (SBN 190304)
lboswell@wshblaw.com
KATHERINE J. BRINSON (SBN 266091)
kbrinson@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant, VISIONTRON CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVI INDUSTRIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VISIONTRON CORP., a New York corporation,<br><br>Defendant. | Case No. 2:15-cv-03902 JLS (PLAx)<br>[*Assigned to the Hon. Judge Josephine L. Staton;*<br>*Assigned to Magistrate Judge Paul L. Abrams*]<br><br>**ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: May 22, 2015<br>Trial Date: August 9, 2016 |

      Pursuant to the Stipulation to Entry of Order Governing Use and Dissemination of Confidential Information filed by Plaintiff Lavi Industries and Defendant Visiontron Corp., the Court hereby enters this Protective Order (the "Order") to protect confidential information and material that may be produced or otherwise disclosed by the parties or third parties during the course of discovery in this case and in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights

      IT IS HEREBY ORDERED that:

    1.    No person subject to this Order may disclose information of any kind produced or disclosed in the course of discovery or settlement discussions in this action (hereinafter "Discovery Material") which a Party has designated as "Confidential" or "Confidential Attorneys Eyes Only" (hereinafter "Confidential AEO") pursuant to this Order to anyone else except as this Order expressly permits.

    2.    The Party or person producing or disclosing Discovery Material (hereinafter "Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

        (a)    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

        (b)    previously non-disclosed material relating to ownership or control of any non-public company;

        (c)    previously non-disclosed business plans, product- development information, or marketing plans;

        (d)    any information of a personal or intimate nature regarding any individual;

      (e)    information related to previously non-disclosed and/or sensitive information regarding suppliers, manufacturers, or other entities with which either Party has business relations;

      (f)    any information that any Party reasonably and in good faith believes would give a direct competitor an unfair business advantage by virtue of disclosure of that information; or

      (g)    any other category of information this Court subsequently affords confidential status.

3. A Producing Party may designate as "Confidential AEO" only the portion of Discovery Material that it reasonably and in good faith believes consists of highly sensitive and/or commercially competitive Discovery Material.

4. A Producing Party or its counsel may designate the confidential portion of any Discovery Material other than deposition transcripts and exhibits as "Confidential" or "Confidential AEO" by stamping or otherwise clearly marking as "Confidential" or "Confidential AEO" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Confidential AEO Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential AEO information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential" or "Confidential AEO" and will indicate "Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within this thirty (30) days after receiving a transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential AEO," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as

directed by the Producing Party or that person's counsel.  During the thirty (30) day period following the Parties' receipt of transcripts of the deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential."

6. If at any time before the ~~trial of~~ **close of the discovery period in** this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential AEO" some portion or portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Confidential AEO."

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

8. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy service providers and document management consultants) that counsel hire and assign to this matter, provided such persons or entities have first been notified of this Confidentiality Agreement and Protective Order;

4844-0319-7996.v1

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Nondisclosure Agreement;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Nondisclosure Agreement;

(g) any person a Party retains to serve as an expert witness or to otherwise provide specialized advice to counsel or a Party in connection with this action and/or settlement of this action (through a potential business arrangement or otherwise), including but not limited to outside counsel, consultants, accountants and other financial professionals, provided such person has first executed a Nondisclosure Agreement;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as "Confidential AEO," other persons subject to this Order may disclose such information only to the following persons:

(a) a Parties' in-house or inside legal counsel;

(b) counsel retained specifically for this action, including any paralegal;

(c) outside vendors or service providers (such as copy service providers and document management consultants) that counsel

4

|     |     |                                                                                       |
| --- | --- | ------------------------------------------------------------------------------------- |
| 1   |     | hire and assign to this matter, provided such persons or entities                     |
| 2   |     | have first been notified of this Confidentiality Agreement and                        |
| 3   |     | Protective Order;                                                                     |
| 4   | (d) | any mediator or arbitrator that the Parties engage in this matter                     |
| 5   |     | or that this Court appoints, provided such person has first                           |
| 6   |     | executed a Nondisclosure Agreement;                                                   |
| 7   | (e) | as to any document, its author, its addressee, and any other                          |
| 8   |     | person indicated on the face of the document as having received                       |
| 9   |     | a copy;                                                                               |
| 10  | (f) | any person a Party retains to serve as an expert witness or to                        |
| 11  |     | otherwise provide specialized advice to counsel or a Party in                         |
| 12  |     | connection with this action and/or settlement of this action                          |
| 13  |     | (through a potential business arrangement or otherwise),                              |
| 14  |     | including but not limited to outside counsel, consultants,                            |
| 15  |     | accountants and other financial professionals, provided such                          |
| 16  |     | person has first executed a Nondisclosure Agreement;                                  |
| 17  | (g) | stenographers engaged to transcribe depositions the Parties                           |
| 18  |     | conduct in this action; and                                                           |
| 19  | (h) | this Court, including any appellate court, its support personnel,                     |
| 20  |     | and court reporters.                                                                  |

10. Before disclosing any "Confidential" or "Confidential AEO" Discovery Material to any person referred to in subparagraphs 8(d), (f), or (g), or 9(d) or (f), counsel must provide a copy of this Order to such person, who must sign the Nondisclosure Agreement attached hereto as Exhibit "A" stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Nondisclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Court retains discretion as to whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Confidential AEO" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. In filing "Confidential" or "Confidential AEO" Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such "Confidential" or "Confidential AEO" Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court. Such Confidential Court Submission shall be accompanied by an application to file the papers under seal, which application must demonstrate good cause for the under seal filing. The Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of confidentiality may at any time within the discovery period established by the District Judge to which this action is assigned, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court pursuant to the procedure set forth in Central District of California Local Rule 37.

14. Recipients of "Confidential" or "Confidential AEO" Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and for the purpose of assessing settlement of this action, and not for any business, commercial, or competitive propose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own

documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any "Confidential" or "Confidential AEO" Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce it by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as "Confidential" or "Confidential AEO" pursuant to this Order must take all due precautions to prevent the unauthorized or in advertent disclosure of such material.

17. Within sixty (60) days of the final disposition of this action -including all appeals- all recipients of "Confidential" or "Confidential AEO" Discovery Material must either return the material – including all copies thereof-to the Producing Party, or, upon permission of the Producing Party, destroy such material-including all copies thereof, and provide evidence of such destruction to the Producing Party. In either event, by the sixty (60) day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the "Confidential" or "Confidential AEO" Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain "Confidential" or "Confidential AEO" Discovery Material. Any such archival copies that contain or constitute "Confidential" or "Confidential

1  AEO" Discovery Material remain subject to this Order.

2     18.   ~~The Parties agree and acknowledge that~~ The terms of this Order will continue throughout trial of this matter **only if the District Judge finds compelling reasons to maintain specific information as confidential.** ~~and shall survive the termination of the litigation, notwithstanding the Court's lack of jurisdiction from the date of commencement of trial~~.

7     19.   The Parties acknowledge that any disclosure or exchange of "Confidential" or "Confidential AEO" Discovery Material that has occurred prior to the date of entry of this Order is subject to this Agreement.

10    20.   This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13    Good Cause being found, IT IS SO ORDERED.

Dated: January 7, 2016

_____
Paul L. Abrams
United States Magistrate Judge

**Attachment "A"**

**NONDISCLOSURE AGREEMENT**

I, _____, state that:

1. My address is

_____

2. My present employer is

_____

3. My present occupation or job description is

_____

4. I have received a copy of the Protective Order entered in the case of *Lavi Industries v. Visiontron Corp.*, United States District Court – Central District of California Case No. 2:15-cv-03902-JLS-PLAx.

5. I have read and understand the Order Governing Use and Dissemination of Confidential Information (the "Order"). I hereby agree to comply with all of the terms of the Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

6. I hereby expressly covenant that I will only use the documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" in connection with the above-referenced litigation and that I will not use such documents, things, or information for any other

9

purpose. Further, I expressly covenant that I will not use such documents, things, or information for the benefit of myself or any other person or entity.

7. Within sixty (60) days of notice by any Party that this litigation is over, or that my involvement is no longer deemed necessary, I expressly covenant that I will return all information and materials provided to me with the designation of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY." I will also provide a Declaration, submitted under penalty of perjury, which identifies by Bates Number, the information and materials that I am returning.

8. I hereby consent to the jurisdiction of the United States District Court – Central District of California for the purpose of enforcing the Order and this agreement to be bound thereby.

Dated: _____    _____
                                 Signature

                                 _____
                                 Print Name

4844-0319-7996.v1